# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: December 4, 2020

| | |
|---|---|
| * * * * * * * * * * * * * | |
| STACY GINN and JENNIFER GINN, Parents of R.G., a minor, | UNPUBLISHED |
| Petitioners, | No. 16-1466V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs. |
| Respondent. | |
| * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioners.
Terrence K. Mangan, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 7, 2016, Stacy Ginn and Jennifer Ginn ("petitioners"), as parents of, R.G., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that R.G. suffered from a neurological injury, specifically epilepsy, as a result of the Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Inactivated Polio ("IPV"), Haemophilus influenzae type b ("Hib"), Measles-Mumps-Rubella ("MMR"), and influenza ("flu") vaccines R.G. received on November 15, 2013. Petition at Preamble (ECF No. 1).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 9, 2020, petitioners filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on their case. Petitioners' Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Nov. 9, 2020 (ECF No. 104). Petitioners' request can be summarized as follows:

**Attorneys' Fees** – $77,039.80
**Attorneys' Costs** – $39,240.19

Petitioners thus request a total of $116,279.99. Respondent filed his response on November 25, 2020, stating that he "respectfully recommends that the Special Master exercise discretion and determine a reasonable award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Nov. 25, 2020, at 4 (ECF No. 104).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards **$116,122.68** in attorneys' fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioners' fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioners request the following hourly rates for the attorneys, paralegals, and law clerk who worked on this matter:

**Ronald C. Homer – Attorney**

2016: $400.00
2017: $409.00
2018: $421.00
2019: $430.00
2020: $447.00

**Meredith Daniels – Attorney**

2016: $280.00
2017: $286.00
2018: $294.00
2019: $320.00
2020: $350.00

**Christina Ciampolillo – Attorney**

2016: $300.00
2017: $307.00
2018: $342.00
2019: $350.00
2020: $380.00

**Joseph Pepper – Attorney**
2017: $297.00
2018: $305.00
2019: $325.00
2020: $355.00

**Lauren Faga – Attorney**
2018: $279.00

**Nathaniel Enos – Attorney**
2020: $230.00

**Patrick Kelly – Attorney**
2019: $205.00

**Paralegals**
2016: $135.00
2017: $138.00
2018: $142.00
2019: $145.00
2020: $155.00

**Law Clerk**
2017: $148.00
2018: $152.00
2019: $155.00

The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Long v. Sec'y of Health & Hum. Servs., No. 18-857V, 2020 WL 5901725 (Fed. Cl. Spec. Mstr. Sept. 3, 2020); A.P. v. Sec'y of Health & Hum. Servs., No. 16-36V, 2020 WL 5407813, at *1 (Fed. Cl. Spec. Mstr. Aug. 13, 2020); Tafuri v. Sec'y of Health & Hum. Servs., No. 18-1667V, 2020 WL 5032478 (Fed. Cl. Spec. Mstr. July 24, 2020); Lapierre v. Sec'y of Health & Hum. Servs., No. 17-227V, 2020 WL 3046111, at *2 (Fed. Cl. Spec. Mstr. May 11, 2020); Agarwal v. Sec'y of Health & Hum. Servs., No. 16-191V, 2019 WL 2281744, at *3 (Fed. Cl. Spec. Mstr. Apr. 23, 2019); Rice v. Sec'y of Health & Hum. Servs., No. 15-1335V, 2018 WL 4784563, at *2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018); Robinson v. Sec'y of Health & Hum. Servs., No. 14-915V, slip op. (Fed. Cl. Spec. Mstr. July 17, 2018). The undersigned will therefore award the rates requested.

Petitioners also requested hourly rates between $135.00 and $155.00 per hour for work done by paralegals from 2016 to 2020. These rates are consistent with such work previously awarded in the Program. See, e.g., Lapierre, 2020 WL 3046111, at *2; Agarwal, 2019 WL 2281744, at *3; Rice, 2018 WL 4784563, at *2. Therefore, the undersigned will award the rates requested.

The undersigned has reviewed the hours billed and determines that the hours billed are reasonable. The billing entries accurately reflect that nature of the work performed. Therefore, the undersigned will award the fees requested.

**B. Attorneys' Costs**

**1. Expert Fees**

The most significant cost is for Dr. Mahbubul Huq's work to prepare three thorough expert reports accompanied by medical literature and his expert testimony at the entitlement hearing in this case. Petitioners request $34,750.00 for work performed by Dr. Huq, which was a total of 69.5 hours, billed at an hourly rate of $500.00. Pet. Mot., Tab B at 37-39. The undersigned agrees that Dr. Huq's bill is reasonable in light of his board certifications, education, training, and experiences, as well as the quality of his opinions in the case.

Additionally, Dr. Huq has previously been awarded $500.00 per hour for his vaccine program work. See also Agarwal, 2019 WL 2281744, at *4; Robinson, 2018 WL 3987062. But see Anderson v. Sec'y of Health & Hum. Servs., No. 02-1314V, 2017 WL 2927044 (Fed. Cl. Spec. Mstr. May 24, 2017) (declining to award more than $400.00 per hour for this expert). Therefore, the undersigned will award the requested fee in full.

**2. Miscellaneous Costs**

Petitioners request $4,490.19 to cover their attorneys' other miscellaneous expenses, including medical records, Fed Ex costs, the filing fee, traveling costs, court transcript, and other expenses. Pet. Mot., Tab B. After a review of the receipts and records filed in petitioners' motion as Tab B, the undersigned finds the costs which supported by receipts total $4,333.64. Therefore, petitioners' costs will result in a reduction of $157.31.[3]

**II. CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 77,039.80 |
| Awarded Attorneys' Fees: | $ 77,039.80 |
| | |
| Requested Attorneys' Costs: | $ 39,240.19 |
| Reduction of Attorneys' Costs | ($ - 157.31) |

[3] Based on the undersigned's review of the costs and receipts filed the following reductions were made. $0.76 based on receipts charged for meals. See Pet. Mot., Tab B at 30. Additionally, $15.00 for flash drives, $10.00 for CDs, $107.50 for photocopies, and $24.05 for Fedex postage were not reimbursed because no receipts were filed. See Pet. Mot. at 39. These amounts may be included in the final fee request, along with receipts or an explanation for why there are no receipts.

| | |
|---|---|
| Awarded Attorneys' Costs: | $ 39,082.88 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 116,122.68** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $116,122.68, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.