# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: December 6, 2022

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STACY GINN and JENNIFER GINN, | * | PUBLISHED |
| *parents of R.G., a minor,* | * | |
| | * | |
| Petitioners, | * | No. 16-1466V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Decision; Pain and Suffering |
| AND HUMAN SERVICES, | * | Damages; Health Insurance; Diphtheria-|
| | * | Tetanus-Acellular-Pertussis ("DTaP") |
| Respondent. | * | Vaccine; Inactivated Polio ("IPV") Vaccine; |
| | * | Haemophilus Influenzae Type B ("Hib") |
| | * | Vaccine; Measles-Mumps-Rubella |
| | * | ("MMR") Vaccine; Influenza ("Flu") |
| | * | Vaccine; Epilepsy; Febrile Seizures. |

* * * * * * * * * * * * * * * * * * * * * * * * *

<u>Ronald Craig Homer</u>, Conway Homer, P.C., Boston, MA, for Petitioners.
<u>Felicia Langel</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## <u>DECISION AWARDING DAMAGES</u>[1]

On November 7, 2016, Stacy Ginn and Jennifer Ginn ("Petitioners"), as parents of R.G., a minor, filed a petition for compensation under the National Vaccine Injury Compensation

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioners alleged that R.G. suffered from epilepsy as the result of diphtheria-tetanus-acellular-pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenzae type b ("Hib"), measles-mumps-rubella ("MMR"), and influenza ("flu") vaccines administered on November 15, 2013.  Petition at 1 (ECF No. 1).  On March 26, 2021, a Ruling on Entitlement issued, finding Petitioners entitled to compensation.  Ruling on Entitlement dated Mar. 26, 2021 (ECF No. 113).

On November 4, 2022, the undersigned issued a Ruling on Damages, awarding Petitioners the cost of health insurance until R.G. reaches the age of 22; actual pain and suffering in the amount of $200,000.00 for R.G.; and for future pain and suffering, $5,000.00 per year, reduced to net present value, until R.G. reaches the age of 22.  Ruling Awarding Damages dated Nov. 4, 2022 (ECF No. 160).  That Ruling is incorporated herein as if fully set forth.  The undersigned also ordered the parties to file a joint status report (1) converting the undersigned's award of future pain and suffering to its net present value, (2) providing an updated Life Care Plan reflecting all items of damages agreed to as well as those awarded consistent with the Ruling, and (3) a list of all other items of damages agreed to by the parties.  Id. at 13.

On December 5, 2022, Respondent filed a joint status report (attached hereto as Appendix A), in which the parties agreed that the net present value of R.G.'s future pain and suffering award is $43,258.39.  Joint Status Report, filed Nov. 5, 2022, at 2-3 (ECF No. 162).  The parties provided a chart illustrating all life care items awarded by the undersigned in her Ruling.  Id. at Appendix A.  The parties also confirmed the previously agreed upon amount of $22,072.33 for past unreimbursable expenses and that there is no claim for loss of earnings.  Id. at 3.  Additionally, the parties requested that compensation be provided to Petitioners through a combination of lump sum payments and future annuity payments.  Id. at 3-5.

Therefore, based on the record as a whole, and pursuant to the undersigned's damages Ruling, the undersigned finds that Petitioners are entitled to an award as ordered below:

(1) **A lump sum payment of $260,014.62, representing compensation for life care expenses expected to be incurred during the first year after judgment ($16,756.23), and pain and suffering ($243,258.39) in the form of a check payable to Petitioners as guardian(s)/conservator(s) of the estate of R.G., for the benefit of R.G.**

(2) **A lump sum payment of $22,072.33, representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners, Stacy Ginn and Jennifer Ginn.**

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

**(3) An amount sufficient to purchase an annuity contract described in Section II.C. of the Joint Status Report.**

Joint Status Report at 3-6.  These amounts represent compensation for all damages that would be available under § 300aa-15(a).  The Clerk of Court is directed to enter judgment in accordance with this decision.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| STACY GINN and JENNIFER GINN, parents of R.G., a minor, | ) ) ) | |
| | ) | |
| Petitioners, | ) | No. 16-1466V |
| | ) | Special Master Dorsey |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

## JOINT STATUS REPORT IN RESPONSE
## TO RULING AWARDING DAMAGES

In the Special Master's November 4, 2022 Ruling Awarding Damages ("Ruling"), the

Court directed the parties "to file a joint status report by Monday, December 5, 2022, (1)

converting the undersigned's award of future pain and suffering to its net present value, (2)

providing an updated LCP reflecting all items of damages agreed to as well as those awarded

consistent with this Ruling, and (3) a list of all other items of damages agreed to by the parties.

Thereafter, a damages decision will issue." ECF No. 160 at 13.

Respondent submits this joint status report providing the Court with a statement of all

damages, including those that the parties have agreed upon as well as those decided by the

Special Master, in the manner that the parties agree contains the information needed for the

Special Master's damages decision.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(3), to seek review of the

Special Master's March 26, 2021 Ruling on Entitlement (ECF No. 113) and November 4, 2022

Ruling (ECF No. 160), respondent submits the following joint status report regarding damages.

Petitioners' counsel has reviewed this joint status report and does not object to the representations made herein.

## I.    Items of Compensation

### A.    Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNLCP, and petitioners engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of R.G.'s future vaccine injury related needs.  Life care plans were filed in this case.  The parties did not agree on any life care items.  All life care items awarded by the Special Master are illustrated by the chart entitled "Appendix A: Items of Compensation for R.G.," attached to this joint status report as Tab A.[1]

### B.    Lost Future Earnings

No loss of earnings was requested or awarded.

### C.    Pain and Suffering

The parties agreed that, based upon the evidence of record, R.G. is entitled to an award for pain and suffering under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  However, the parties did not agree on an overall award or the allocation to actual versus projected pain and suffering. On November 4, 2022, the Special Master awarded R.G. $200,000.00 for actual pain and suffering and "$5,000.00 per year until R.G. reaches the age of 22, reduced to net present value." ECF No. 160 at 13.  Applying the Court's guidance on the award for projected pain and suffering, the parties agree that the amount to be awarded for R.G.'s projected pain and suffering

---

[1] The chart at Tab A illustrates all life care items awarded by the Special Master in her November 4, 2022 Ruling.  Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every subsequent year indicated up to the anniversary of the date of judgment.

is $43,258.39.  This results in a total award for pain and suffering of $243,258.39.  *See* 42 U.S.C.
§ 300aa-15(a)(4).

       D.      <u>Past Unreimbursable Expenses</u>

       Evidence supplied by petitioners documents their expenditure of past unreimbursable
expenses related to R.G.'s vaccine-related injury.  On October 19, 2022, respondent filed a status
report updating the Court on the parties' agreement as to petitioners' unreimbursable expenses of
$22,072.33.00.  ECF No. 159.

## II.    Form of the Award

       The parties request that the compensation provided to petitioners be made through a
combination of lump sum payments and future annuity payments as described below.[2]

       A.  A lump sum payment of $260,014.62, representing compensation for life care
expenses expected to be incurred during the first year after judgment ($16,756.23), and pain and
suffering ($243,258.39), in the form of a check payable to petitioners as guardian(s)/
conservator(s) of the estate of R.G., for the benefit of R.G.  If petitioners are not authorized by a
court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.G., any
such payment shall be made to the party or parties appointed by a court of competent jurisdiction
to serve as guardian(s)/conservator(s) of the estate of R.G. upon submission of written
documentation of such appointment to the Secretary.

---

[2] Should R.G. die prior to entry of judgment, the parties reserve the right to move the Court for
appropriate relief.  In particular, respondent would oppose any award for future medical
expenses and future pain and suffering.

B.  A lump sum payment of $22,072.33, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Stacy Ginn and Jennifer Ginn.

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners,[6] as guardian(s)/conservator(s) of R.G., only so long as R.G. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[6]  Once R.G. reaches the age of majority, future payments will be made directly to him.

in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

The parties agree that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

    2.    <u>Life-contingent annuity</u>

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as R.G. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of R.G.'s death.

    3.    <u>Guardianship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of R.G.'s estate.[7]  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.G., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.G. upon submission of written documentation of such appointment to the Secretary.

---

[7]  Petitioners filed with the Court a co-guardianship order and letter on February 18, 2022.  ECF No. 144.

**III.**     **<u>Summary of Recommended Payments Following Judgment</u>**

    A.      Lump Sum paid to the court-appointed guardian(s)/
conservator(s) of the estate of R.G. for the benefit of R.G.:  **$260,014.62**

    B.      Past Unreimbursable Expenses:           **$ 22,072.33**

    C.      An amount sufficient to purchase the annuity contract
described above in section II. C.

                                Respectfully submitted,

                                BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

                                C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

                                HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

                                VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division

                                <u>s/*Felicia D. Langel*</u>
FELICIA D. LANGEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 451-7659
felicia.d.langel@usdoj.gov

DATED: December 5, 2022

Appendix A:  Items of Compensation for R.G.                                                           Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Years 7-9 |
|---|---|---|---|---|---|---|---|---|---|
| | | | 2022 | 2023 | 2024 | 2025 | 2026 | 2027 | 2028-2030 |
| BCBS PPO Premium | 5% | M | 8,410.32 | 8,410.32 | 8,410.32 | 8,410.32 | 8,410.32 | 8,410.32 | 8,410.32 |
| BCBS Maximum out of Pocket | 5% | | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 | 7,800.00 |
| Ibuprofen | 4% | | 4.79 | 4.79 | 4.79 | 4.79 | 4.79 | 4.79 | 4.79 |
| Embrace 2 Smartwatch | 4% | | 249.00 | | | | | 249.00 | |
| Smartwatch Monitoring | 4% | | 199.20 | 199.20 | 199.20 | 199.20 | 199.20 | 199.20 | 199.20 |
| Mileage:  Pediatric Neurologist | 4% | | 43.82 | 43.82 | 43.82 | 43.82 | 43.82 | 43.82 | 43.82 |
| Mileage:  EEG | 4% | | 21.91 | 8.76 | 8.76 | 8.76 | 8.76 | 8.76 | 8.76 |
| Mileage:  MRI | 4% | | 21.91 | 4.38 | 4.38 | 4.38 | 4.38 | 4.38 | |
| Mileage:  Counselor | 4% | | 5.28 | 1.06 | 1.06 | 1.06 | 1.06 | 1.06 | |
| Pain and Suffering | | | 243,258.39 | | | | | | |
| Past Unreimbursable Expenses | | | 22,072.33 | | | | | | |
| Annual Totals | | | 282,086.95 | 16,472.33 | 16,472.33 | 16,472.33 | 16,472.33 | 16,721.33 | 16,466.89 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservator(s)
of the estate of R.G. for the benefit of R.G., for pain and suffering ($243,258.39) and Year 1 life care expenses ($16,756.23): $260,014.62.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Stacy Ginn and Jennifer Ginn,
for past un-reimbursable expenses: $22,072.33.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.